UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL UPDIKE                                                                          PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:09-cv-595

THE WACKENHUT CORP.                                                                     DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, The Wackenhut Corporation ("Defendant") for summary judgment (DN 36). The plaintiff, Michael Updike ("Plaintiff") has filed a response (DN 42), Defendant has replied (DN 43), and the matter is now ripe for adjudication. For the reasons set forth below, the motion will be denied.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-28, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions

of the dispute at trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *First Nat'l. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Id*. at 587; *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Plaintiff's claims include an allegation of retaliation against him for a complaint of age discrimination, in violation of the Age Discrimination in Employment Act ("the ADEA"), retaliation against his complaints of gender discrimination involving another female employee, in violation of Title VII, and retaliation against him in violation of the Kentucky Civil Rights Act. (DN 1, Complaint at ¶¶ 16-25).

The ADEA prohibits an employer from "discriminat[ing] against any of his employees ... because such individual ... has made a charge, testified, or participated in any manner in an investigation, proceeding, or litigation under this [Act]." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 543 (6th Cir. 2008) (quoting 29 U.S.C. § 623(d)). Title VII forbids an employer from "discriminat[ing] against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.* (quoting 42 U.S.C. § 2000e-3(a)). Unlawful employment practices under Title VII include actions taken on the basis of gender that "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2.

The Kentucky Civil Rights Act also makes it unlawful for an employer to "fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to

- 2 -

compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over..." KRS § 344.040.[1]

A plaintiff in a Title VII or ADEA action may establish retaliation either by introducing direct evidence of retaliation or by providing circumstantial evidence that would support an inference of retaliation. *Imwalle*, 515 F.3d at 543. "Direct evidence is that evidence which, if believed, requires no inferences to conclude that unlawful retaliation was a motivating factor in the employer's action." *Id*. at 544 (citing *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003)). Plaintiff has not presented any direct evidence of discrimination by Defendant. Therefore, discrimination must be established using indirect evidence.

When a plaintiff presents only circumstantial evidence of retaliation, we evaluate claims under Title VII and the ADEA under the same *McDonnell Douglas/Burdine* evidentiary framework used in assessing claims of discrimination based on circumstantial evidence. *Imwalle*, 515 F.3d at 544; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 688 (1973); *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *see also Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987) (applying the *McDonnell Douglas* analysis to a retaliation claim); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) ("The *McDonnell Douglas/Burdine* formula is the evidentiary framework applicable not only to claims brought under Title VII, but also to claims under ADEA.").

---

[1] KRS Chapter 344 mirrors Title VII of the Civil Rights Act, so courts look to the federal standards for guidance when evaluating discrimination or retaliation claims brought under Chapter 344 of the Kentucky statutes. *Ky. Comm'n on Human Rights v. Ky.*, 586 S.W.2d 270, 271 (Ky. App. 1979); *Snowden v. Ky. Smelting Technology, Inc*., 2010 WL 2218735 at *4 (Ky. App. 2010). Therefore, all claims may be analyzed under federal law.

Under the *McDonnell Douglas/Burdine* burden-shifting test, Plaintiff has the initial burden of establishing a *prima facie* case of retaliation by a preponderance of the evidence to withstand a motion for summary judgment. *See Imwalle*, 515 F.3d at 544. In order to establish a *prima facie* case of retaliation, Plaintiff must show that (1) he engaged in protected activity; (2) this exercise of protected activity was known to Defendant; (3) Defendant thereafter took an employment action adverse to Plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *Imwalle*, 515 F.3d at 544; *see also E.E.O.C. v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997). Once Plaintiff has satisfied the initial burden of establishing a *prima facie* case of retaliation, the burden then shifts to Defendant to produce evidence of a legitimate, lawful reason for its actions. *Id*. If Defendant establishes a legitimate reason for its actions, then Plaintiff "must demonstrate by a preponderance of the evidence that the legitimate reason offered by the defendant was not its true reason, but instead was a pretext designed to mask retaliation." *Id*.

Applying the *McDonnell Douglas/Burdine* analysis to the case at hand, we find that Plaintiff has satisfied his initial burden of establishing *prima facie* claims for retaliation under Title VII and ADEA. Defendant concedes for purposes of its motion for summary judgment that Plaintiff can establish a *prima face* case of ADEA retaliation. (DN 36, Attachment 1, Memorandum in Support of Defendant's Motion for Summary Judgment, p. 8). However, Defendant argues that Plaintiff cannot establish a *prima facie* Title VII retaliation claim because he did not engage in protected activity. *Id*. Plaintiff asserts that he engaged in protected activity by opposing discrimination of another employee, Barbara Holthaus ("Holthaus").

Under Title VII's anti-retaliation provision, 42 U.S.C. § 2000–e-3(a), a plaintiff need only demonstrate that his opposition to discrimination was reasonable and based on a good-faith belief that the employer was acting in violation of Title VII. *Johnson v. University of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000) (*en banc*) (reversing summary judgment for employer and finding that plaintiff, who was the university's vice-president, engaged in protected activity when advocating for minority hires). Reviewing the evidence, we find that a reasonable fact finder could conclude that Plaintiff engaged in protected activity by opposing discrimination of Holthaus.

It is undisputed that Holthaus applied for a security guard position with Defendant on June 20, 2008. Plaintiff and the Operations Manager, Benjamin Shaw ("Shaw"), assigned Holthaus to work as a security officer at the ZLB Plasma site and had Holthaus sign a conditional employment offer for that position. Plaintiff asserts that when the supervisor of the ZLB Plasma site learned of Holthaus's assignment, she told Shaw that she did not want a female security guard assigned to her site. Plaintiff has presented evidence which indicates that he was instructed to assign Plaintiff to a different site and that he reported to Shaw and his General Manager, Daniel Marshall ("Marshall") that he felt Defendant's acquiescing to the ZLB Plasma site supervisor's request and assigning Holthaus to a different site was illegal gender discrimination against Holthaus. *See* (DN 58, Attachment 1, Lush Depo. at 41) (testifying that she heard Plaintiff tell Shaw that he felt that the company was discriminating against Holthaus, and that "part of the conversation was held in front of [her] desk"); (DN 55, Exhibit 1, Updike Depo. at p. 10) (testifying that he reported gender discrimination to Marshall); (DN 51, Attachment 1, Marshall Depo. at 209-10) (testifying he was informed by Plaintiff that Plaintiff felt potential discrimination by Defendant)

Defendant argues that Plaintiff did not engage in protected activity, but instead was attempting to manipulate Holthaus into filing a fraudulent claim against Defendant. Defendant asserts that Plaintiff told Holthaus about the discriminatory request made by the ZLB Plasma site supervisor and encouraged her to pursue litigation against Defendant, citing *Herrera v. Mobil Oil Co., Inc.*, 1990 WL 209269, 53 FEP Cases 1406 (W.D. Tex. Aug. 17, 1990), for the proposition that a management employee suggesting another employee file a lawsuit against the employer is not protected activity. (DN 36, Attachment 1, Memorandum in Support of Defendant's Motion for Summary Judgment, at 8). Defendant asserts that Plaintiff had several "unauthorized" meetings and telephone calls with Holthaus, during which he told her that he was handing her a discrimination claim "on a silver platter." *Id*. (citing Holthaus Depo. at 81-85).

Plaintiff denies those allegations and asserts that he did not encourage Holthaus to file a lawsuit against the company, but instead, encouraged her to follow Defendant's internal chain of command and discuss the matter with Shaw. (DN 42) (citing Updike Depo. at 79-80). Plaintiff also presented evidence that Holthaus did discuss the matter with Shaw and that Plaintiff continued to communicate to Shaw and Marshall that Plaintiff believed Defendant was discriminating against Holthaus by denying her the ZLB Plasma site position. (DN 42 at 6) (citing Lush Depo. at 35-36, 40, 42; Marshall Depo. at 52, 132-33, 149-50, 207, 210; Updike Depo. at 21, 90).

It is undisputed that Holthaus was eventually assigned the ZLB Plasma site position, but she only remained in that position for one day. Defendant argues that Plaintiff did not engage in protected activity because Holthaus was actually awarded the position. However, the alleged discriminatory act need not be actually illegal, and "[a] violation of Title VII's retaliation provision can be found whether or not the challenged practice ultimately is found to be unlawful." *Johnson*,

215 F.3d at 579-80. An employee engages in protected activity when he opposes conduct that he reasonably believes to be unlawful practices against other employees. *Id*. at 580. Viewing the evidence in the light most favorable to the nonmoving party, we conclude that a reasonable fact finder could determine that Plaintiff opposed potential discrimination of another employee, and therefore engaged in protected activity under Title VII. *See id.* at 581 ("having established that he opposed conduct which he reasonably believed to be unlawful, and that Defendant was aware of Plaintiff's opposition, Plaintiff also provided evidence to show that his opposition was causally related to his discharge"). Therefore, we conclude that Plaintiff has established *prima face* cases under both Title VII and the ADEA sufficient to withstand summary judgment.

The burden then shifts under the *McDonnell Douglas/Burdine* analysis to Defendant to offer a legitimate, nondiscriminatory reason for its adverse employment action against Plaintiff. It is undisputed that Plaintiff was fired by Defendant. Defendant asserts that it has a legitimate, nondiscriminatory reason for firing Plaintiff, namely that Plaintiff's position within the company was reevaluated and it was determined, "in its business judgment," that Plaintiff's "position was not worth the cost." (DN 43 at 11). Defendant argues that its decision to eliminate Plaintiff's position was based on the profit and loss performance of Plaintiff's office, the budget for Plaintiff's office, and its determination that Plaintiff's overtime hours were excessive. *Id*. at 12. (citing DN 36, Attachment 8, Page Depo. at 36-37); *see also* (DN 57, Nunez Depo. at 32) (testifying that the reason provided for Plaintiff's termination in Defendant's human resources documents was "job performance").

As required under the *McDonnell Douglas/Burdine* burden-shifting analysis, Plaintiff must establish that Defendant's legitimate, nondiscriminatory reason for the adverse employment action

is a pretext for retaliation. *McDonnell Douglas Corp.*, 411 U.S. at 902-04; *Burdine*, 450 U.S. at 253-56. Pretext is generally established by showing that the stated reason for the employer's decision is "false" or unworthy of credence. *Reeves v. Sanderson Plumbing Prod. Inc*., 530 U.S. 133, 144, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). In *Manzer v. Diamond Shamrock Chemicals Co.*, the United States Court of Appeals for the Sixth Circuit set forth three ways in which a plaintiff may rebut a defendant's legitimate, nondiscriminatory reason and demonstrate pretext. 29 F.3d 1078, 1084 (6th Cir. 1994), *overruled on other grounds*, *Geiger v. Tower Automotive*, 579 F.3d 614 (6th Cir. 2009). Plaintiff may show that (1) the employer's stated reason for terminating the employee has no basis in fact, (2) the reason offered for terminating the employee was not the actual reason for the termination, or (3) the reason offered was insufficient to explain the employer's action. *Id*.; *see also Singleton v. Select Specialty Hospital-Lexington,* 2010 WL 3034467, 391 Fed.Appx. 395, 400 (6th Cir. Aug. 2, 2010).

Plaintiff has provided evidence that tends to show his position within the company was not in fact eliminated. *See* (DN 58, Exhibit 1, Lush Depo. at 29, 48) (testifying that two other employees were at times after Plaintiff's termination, listed as having the position of "Area Supervisor," which was Plaintiff's former title); (DN 52, Exhibit 1, Holthaus Depo. at 32-33) (testifying that she was assigned the responsibilities of Plaintiff's former position upon Plaintiff's termination). A plaintiff can establish pretext by showing that he was replaced in his position when a defendant asserts that a plaintiff was terminated as part of job restructuring. *Grace v. USCAR*, 521 F.3d 655, 670-71 (6th Cir. 2008). Plaintiff has also provided testimony that the profit and loss numbers for the Louisville office were consistently good, refuting the claim that his profit and loss numbers were not satisfactory to the company. *See* (DN 51, Exhibit 1, Marshall Depo. at 186-87).

Plaintiff also presented testimony that his Louisville office often received bonuses for its performance that were not received by other offices *See* (DN 58, Exhibit 1, Lush Depo. at 10-13)

Reviewing the record and viewing the evidence in the light most favorable to Plaintiff, we find that Plaintiff has created an issue of fact for the jury as to whether Defendant's legitimate, nondiscriminatory reason is a mere pretext for retaliatory discrimination. *See Johnson*, 215 F.3d at 581 (holding a grant of summary judgment was in error where Plaintiff offered deposition testimony which countered all of Defendants' alleged reasons for his termination and thus created an issue of fact for the jury as to whether Defendant's proffered reasons for Plaintiff's discharge were merely pretextual). Because Plaintiff has established a genuine issue of material fact and a reasonable fact finder could conclude that Defendant's legitimate, nondiscriminatory reason for terminating Plaintiff is a pretext for retaliation in violation of Title VII and the ADEA, we hold that Defendant's summary judgment motion must be denied.

An order consistent with this opinion will be entered this date.

March 2, 2012

Charles R. Simpson III, Judge
United States District Court